PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONTY ROBINSON, | ) | |
| | ) | CASE NO.  4:23CV2251 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| COUNTY OF MAHONING, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 3 and 4] |

*Pro Se* Plaintiff Monty Robinson filed this action under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), and 42 U.S.C. § 1983 against County of Mahoning , Mahoning County Commissioners D. Ditzler, C. Rimedio-Righetti, and A. Traficanti, Mahoning County Jail Warden Cappabianca, Mahoning County Jail Assistant Warden Lt. Diangelo, Mahoning County Sheriff Jerry Greene, Administrator Kountz, Mahoning County Sheriff's Deputy Tina Cunningham, Mahoning County Sheriff's Deputy Ibrahim, and Trinity Corporation.  He brings claims against Commissioners Ditzler, Rimedio-Righetti, and Traficanti, Warden Cappabianca, Assistant Warden Lt. Diangelo, Sheriff Greene, Administrator Kountz, Deputy Cunningham, and Deputy Ibrahim in their individual and official capacities.  *See* ECF No. 1 at PageID #: 1.  Plaintiff seeks $2,500,000 in damages.  *See* ECF No. 1 at PageID #: 12.

**I.  Background**

(4:23CV2251)

Plaintiff is a convicted state prisoner who was held periodically in the Mahoning County Jail while awaiting trial and then while awaiting sentencing and transport to prison.  *See* ECF No. 1 at PageID #: 17.  The claims asserted in the Complaint (ECF No. 1) pertain to conditions of confinement in the Mahoning County Jail.

First, Plaintiff asserts a claim under RLUIPA.  He alleges the Mahoning County Jail supplies inmates only Christian Bibles free of charge.  Inmates practicing other faiths must purchase religious materials.  Plaintiff alleges that only Christian services are offered on Sunday.  Plaintiff states that he is a Sunni Muslim of the Islamic faith.  He claims that Islamic inmates must purchase their religious books from the canteen and are not provided a special area to make congregational prayers.  Plaintiff also alleges that no Iman comes to the facility.  *See* ECF No. 1 at PageID #: 2.  He contends that during Ramadan, he was not provided with hot meals.  Plaintiff states that the facility would prepare Ramadan meals at the same time as they prepared regular meals.  He states that the meals would then be set aside and served to the Muslim inmates after sundown.  According to Plaintiff, this resulted in loss of heat, the accumulation of bacteria, collection of dust, and attraction of gnats.  *See* ECF No. 1 at PageID #: 4.

Plaintiff then lists multiple conditions of confinement and asserts claims under the First, Fourth, Fifth, and Fourteenth Amendments.  He states he has not been offered outdoor recreation depriving him of fresh air.  *See* ECF No. 1 at PageID #: 5.  Plaintiff claims that inmates in segregation are denied contact with all other people except deputies, are exposed to 24-hour lighting, are not given extra shower time or clean-up time, and are exposed to the constant smell of feces.  *See* ECF No. 1 at PageID #: 6.  He alleges the doors and lighting at the jail do not work

2

(4:23CV2251)

properly.  Plaintiff states there are no fire drills, and not enough chairs in the dorms for all the

inmates to sit and watch television.  *See* ECF No. 1 at PageID #: 7.  He contends the sleeping

mats are very thin.  Plaintiff claims there is no clock in the dorms to help inmates keep track of

time.  He states that cleaning supplies are limited.  Plaintiff alleges that the facility does not

provide educational opportunities.  *See* ECF No. 1 at PageID #: 8.  He alleges that the jail has a

high number of inmate-on-inmate and inmate-on-staff assaults.  *See* ECF No. 1 at PageID #: 8, 9.

Plaintiff claims this is due to overcrowding and understaffing.  He complains that inmates are

locked down from 5:45 p.m. to 7:45 a.m.  *See* ECF No. 1 at PageID #: 9.  Plaintiff alleges that

Trinity Corporation does not inspect the food trays before they are delivered to inmates.  Plaintiff

indicates he has received food trays that were still dirty from the previous use, or contained

cockroaches, rocks, glass, or maggots.  *See* ECF No. 1 at PageID #: 10.  He alleges that the toilets

gurgle constantly and do not always flush properly.  Finally, Plaintiff states that the showers have

black mold and gnats in them.  *See* ECF No. 1 at PageID #: 12.

Plaintiff asserts that he was denied due process before being sent to segregation.  He

states that on March 16, 2023, Deputy Cunningham was conducting a shake down of the Queen

pod with other deputies.  *See* ECF No. 1 at PageID #: 5.  Someone called out to Deputy

Cunningham addressing her by her first name.  She assumed it was Plaintiff, although he denied

that he called out to her.  He claims that the Mahoning County Jail's administration placed him in

segregation without providing him a hearing.  *See* ECF No. 1 at PageID #: 5-6.  Plaintiff claims

this denied him due process.  *See* ECF No. 1 at PageID #: 6.

3

(4:23CV2251)

Plaintiff states that the facility does not have a law library nor does it offer a legal assistance program.  *See* ECF No. 1 at PageID #: 8.  He does not, however, specify a particular constitutional right he believes was violated.

Finally, Plaintiff asserts two retaliation claims.  He states that Deputy Ibrahim uses retaliation tactics if an inmate uses the grievance process.  *See* ECF No. 1 at PageID #: 9.  But Plaintiff does not elaborate on this statement.  He also alleges that when inmates ask to see a supervisor, the staff member activates the "man down" button, and reports that the inmate broke a rule.  *See* ECF No. 1 at PageID #: 11.  Again, Plaintiff does not elaborate on this statement.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P.

(4:23CV2251)

8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief

above the speculative level on the assumption that all the allegations in the complaint are true.

*Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations,

but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the

elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a complaint,

the court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean*

*Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  Law and Analysis

#### A.  Individual Capacity vs. Official Capacity

Plaintiff brings his claims against Commissioners Ditzler, Rimedio-Righetti, and

Traficanti, Warden Cappabianca, Assistant Warden Lt. Diangelo, Sheriff Greene, Administrator

Kountz, Deputy Cunningham, and Deputy Ibrahim in their individual capacities and their official

capacities.  Individual capacity claims seek to hold a defendant personally liable for damages.

These claims must be based on the defendant's own actions.  A defendant cannot be held liable

simply because she was charged with overseeing a subordinate who may have violated Plaintiff's

constitutional rights.  *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing

*Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).  Instead, individual liability

requires some "active unconstitutional behavior" on the part of the defendant.  *Peatross*, 818

F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  Consequently,

unless plaintiff affirmatively pleads the direct involvement of the defendant in the allegedly

5

(4:23CV2251)

unconstitutional action, the complaint fails to state a claim against that defendant and dismissal is warranted. *See* *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Conversely, claims asserted against defendants in their official capacity are claims directed at the political entity they serve, not the individual defendant. In this case, the claims asserted against Commissioners Ditzler, Rimedio-Righetti, and Traficanti, Warden Cappabianca, Assistant Warden Lt. Diangelo, Sheriff Greene, Administrator Kountz, Deputy Cunningham, and Deputy Ibrahim in their official capacity are claims directed at Mahoning County. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). These claims must be based on constitutional violations that occurred as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691.

### 1. Individual Capacity

Plaintiff fails to state a claim against Commissioners Ditzler, Rimedio-Righetti, and Traficanti, Warden Cappabianca, Assistant Warden Lt. Diangelo, Sheriff Greene, Administrator Kountz, Deputy Cunningham, and Deputy Ibrahim in their individual capacities. The only defendants that Plaintiff identifies as being personally involved in the actions described in the Complaint (ECF No. 1) are Deputy Cunningham, Deputy Ibrahim, and Trinity Corporation. He claims Deputy Cunningham issued a conduct report for calling her by her first name. Plaintiff claims Deputy Ibrahim retaliates against inmates for using the grievance system. And he alleges

6

(4:23CV2251)

that Trinity Corporation does not inspect food trays.  The remaining Defendants are sued because they are responsible for operating the Mahoning County Jail.  Because Plaintiff has not alleged facts to suggest that Commissioners Ditzler, Rimedio-Righetti, and Traficanti, Warden Cappabianca, Assistant Warden Lt. Diangelo, Sheriff Greene or Administrator Kountz personally participated in any of the actions giving rise to the Complaint (ECF No. 1), the claims asserted against them in their individual capacities are dismissed.

Plaintiff's allegations against Deputy Cunningham are very brief.   He states only that she wrote a conduct ticket accusing him of disrespect because she believed he had called her by her first name.  Plaintiff claims this led to him being taken to segregation without a hearing.  Plaintiff claims he was denied due process.  As an initial matter, he does not allege that Deputy Cunningham was the person who decided he should go to segregation.  Plaintiff merely alleges that she was the author of the conduct report.  Furthermore, the due process clause is triggered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest.  *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).   Placement in segregation, alone, does not implicate a protected liberty interest.  *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Generally, unless placement in segregation is accompanied by a withdrawal of good time credits or is for a significant period of time, no liberty or property interest will be found in the case.  *Id. at 484*.  Plaintiff does not indicate that he was deprived of good time credits or that his placement in segregation was for an unusually long period of time.  Therefore, he fails to state a claim for denial of due process.

(4:23CV2251)

Plaintiff's claim against Deputy Ibrahim is similarly brief.  He states only that "Deputies working within the facility such as Deputy Ibrahim will and still use retaliation tactics as well as tic for tac measures, or methods, whenever detainees decide to go about using the grievance system that the facility has put into place."  ECF No. 1 at PageID #: 9.  Plaintiff provides no other information to explain this claim.  Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights.  *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).  To state a prima facie case for retaliation prohibited by the First Amendment, Plaintiff must establish:  1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and, 3) that a causal connection exists between the first two elements.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Although filing a grievance could be protected conduct if the grievance was not frivolous, Plaintiff has not alleged facts to suggest that he filed non-frivolous grievances, that Deputy Ibrahim took an action against him, what kind of action Deputy Ibrahim took against him, and how that action was related to the deputy's actions.  This claim is stated solely as a general legal conclusion.  Therefore, Plaintiff fails to state a claim for retaliation against Deputy Ibrahim.

Finally, Plaintiff alleges that Trinity Corporation does not inspect food trays before sending them out to inmates.  Plaintiff states he has discovered rocks, glass, and insects on his trays.  Trinity Corporation can only be held liable for its own wrongdoing.  It cannot be held liable for the actions of its employees under a *respondeat superior* theory of liability.  Plaintiff

(4:23CV2251)

does not allege facts suggesting Trinity Corporation had a corporate policy of not inspecting food trays before they are served to inmates.  A policy cannot be inferred, as it is equally possible that individual Trinity Corporation employees at the Mahoning County Jail carelessly or inattentively performed their jobs and allowed trays to go out to the prison population with contaminates on the trays.  Therefore, Plaintiff fails to state a claim for relief against Trinity Corporation.

### 2. Official Capacity

Plaintiff also fails to state a claim against County of Mahoning.  He does not identify an ordinance enacted by the county that led to the conditions to which he objects, nor does he allege facts suggesting the conditions were the result of an official custom of Mahoning County as opposed to the actions of individuals working within the jail.  As a result, his claims against Mahoning County must be dismissed.

### B. Standing

Furthermore, Plaintiff fails to allege facts suggesting he has standing to raise claims pertaining to assaults on other inmates or staff.  Plaintiff claims the institution has a high rate of inmate-on-inmate fights, but he does not allege he personally experienced violence nor does he offer any explanation of what he considers to be a "high rate."  He alleges that a staff member was raped by an inmate.  Plaintiff was arrested on March 23, 2023.  There is no indication, however, that he was at the Mahoning County Jail on May 5, 2022 when the assault on the staff member occurred.  *See Stone v. Mahoning County*, No. 4:23CV1138 (N.D. Ohio filed June 7, 2023).  A party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975);

9

(4:23CV2251)

*Allstate Ins. Co. v. Wayne Cnty.*, 760 F.2d 689, 693 (6th Cir. 1985).  The fact that Plaintiff may be collaterally affected by the adjudication of another inmate's rights does not necessarily extend the Court's Article III powers to him.  *Allstate Ins. Co.*, 760 F.2d at 692.

### C.  RLUIPA

RLUIPA prohibits a State or local government from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government shows that the burden furthers "a compelling governmental interest" and "is the least restrictive means" of doing so.  42 U.S.C. § 2000cc-1(a).  RLUIPA does not provide a cause of action against defendants in their individual capacities.  *Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010).  Moreover, it requires a plaintiff to allege facts reasonably suggesting the government entity's actions placed a substantial burden on plaintiff's exercise of her sincerely held religious beliefs.

None of Plaintiff's allegations in the case at bar suggest Mahoning County substantially burdened the exercise of his religion.  A substantial burden exists when the government places significant pressure on an adherent to modify his behavior and to violate his beliefs.  *Haight v. Thompson*, 763 F.3d 554, 565 (6th Cir. 2014) (citing *Living Water Church of God v. Charter Twp. of Meridian*, 258 Fed.Appx. 729, 739 (6th Cir. 2007); *see Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003) (a substantial burden is one which renders religious exercise "effectively impracticable").  An isolated, inconsequential, incidental or *de minimis* burden on religious practice does not rise to this level.  *Braunfeld v. Brown*, 366 U.S. 599 (1961); *Lakewood, Ohio Congregation of Jehovah's Witnesses, Inc. v. City*

10

(4:23CV2251)

*of Lakewood, Ohio*, 699 F.2d 303, 306 (6th Cir. 1983).  Plaintiff alleges Christians were given

free Bibles, but he does not allege that he was denied a Qur'an.  Plaintiff alleges Christians were

given a specific room in which to worship, but he does not indicate he was denied worship.

Moreover, the Supreme Court opined generally that congregate religious services need not be

provided for every religious sect:

> We do not suggest, of course, that every religious sect or group within a
> prison—however few in number—must have identical facilities or personnel.  A
> special chapel or place of worship need not be provided for every faith regardless
> of size; nor must a chaplain, priest, or minister be provided without regard to the
> extent of the demand.  But reasonable opportunities must be afforded to all
> prisoners to exercise the religious freedom guaranteed by the First and Fourteenth
> Amendment without fear of penalty.

*Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458

(6th Cir. 2019) (citations omitted).  Finally, Plaintiff alleges that food for Ramadan was prepared

at regular mealtimes and kept warm until sundown when he could break the fast.  While the food

he was served may not have been as hot as it was when it was prepared, he does not allege he

was denied meals or that Mahoning County did not attempt to accommodate the needs of its

Muslim detainees.  Plaintiff does not allege sufficient facts to suggest Mahoning County violated

any provision of RLUIPA.

### D.  General Conditions Claims

Plaintiff asserts claims which pertain to general conditions in the Mahoning County Jail.

Claims pertaining to conditions of confinement in jail arise under either the Eighth Amendment,

if the inmate is a convicted prisoner, or the Fourteenth Amendment Due Process Clause, if the

inmate is a pretrial detainee.  Plaintiff appears to have been both a detainee and a convicted

11

(4:23CV2251)

prisoner during the time he was held in the Mahoning County Jail.  While the standards for examining these claims under the Eighth Amendment and the Fourteenth Amendment differ in the requirements for the subjective mental state of the defendant, both standards require a plaintiff to demonstrate that she was held under conditions which posed an objectively and sufficiently serious threat to her health and safety.  *See Brawner v. Scott Cnty.*, 14 F. 4th 585, 596 (6th Cir. 2021) (Fourteenth Amendment); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Eighth Amendment).  The Complaint (ECF No. 1), as well as the written statement regarding the stitches in his hand and problem with his wrist (ECF No. 3) fail to meet this objective standard under either the Eighth or the Fourteenth Amendment.

The Constitution protects inmates by requiring that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer*, 511 U.S. at 832.  It does not mandate that an inmate be free from discomfort or inconvenience.  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).  They are not entitled to unlimited access to the medical treatment of their choice, *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X*, 175 F.3d at 405.  In sum, the Constitution prohibits conditions of confinement which constitute serious health threats, but does not provide a remedy for those conditions which merely cause the inmate to feel uncomfortable or which cause aggravation or annoyance.  *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

12

(4:23CV2251)

The conditions Plaintiff lists are not objectively and sufficiently serious to rise to the level of a constitutional violation.  Denial of fruit and fruit juice is not an objectively serious condition to state a claim upon which relief may be granted.  Similarly, there is no applicable precedent requiring any minimum amount of outdoor recreation for prisoners.  *Kizer v. Robertson Cnty.*, No. 3:17-cv-00715, 2018 WL 2164557, at *1 (M.D. Tenn. May 10, 2018) (citing *Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. 2003)).  Instead, the Constitution is violated only when there is "a total or near-total deprivation of exercise or recreational opportunity, without penological justification. . . ."  *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995).  Plaintiff does not allege he was denied recreation and exercise.  He alleges only that it did not take place outdoors.  His claim that there are no fire drills, not enough chairs in the dorms for all the inmates to watch television, thin sleeping mats, no clock, limited cleaning supplies, no educational opportunities, dirty showers, unclean food trays and evening lock-downs do not present health threats, but rather suggest conditions which at best are uncomfortable.  Plaintiff alleges that the facility is over-crowded and understaffed, but he does not elaborate on these terms.  Those conditions in and of themselves do not rise to the level of a constitutional violation.  *Rhodes*, 452 U.S. at 347.

**E.  Access to the Courts**

Finally, Plaintiff claims the facility has no law library.  There is no general constitutional right to a law library.  *Lewis v. Casey*, 518 U.S. 343, 353 (1996).  To the extent that he was attempting to assert a claim for denial of access to the courts, he failed to do so.  To prevail on that claim, he must demonstrate "actual injury" by showing that a direct appeal, habeas corpus, or

13

(4:23CV2251)

civil rights action was dismissed or turned away by a court as the result of an action of one of the

identified Defendants.  *Id.*  Plaintiff does not allege he experienced an actual injury.

### IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Plaintiff's Motion

for Leave to File Amended Complaint (ECF No. 3) is granted.  Plaintiff's Motion for Leave to

File Amended Complaint (ECF No. 4) is denied as moot.  The Court certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


___April 15, 2024___                                   ___*/s/ Benita Y. Pearson*___
Date                                                   Benita Y. Pearson
                                                       United States District Judge

14